UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT MARTIN,**

    **Plaintiff,**

    **v.**
                                          Civil Action 2:20-cv-5599
                                           Judge Edmund A. Sargus, Jr.
                                           Magistrate Judge Chelsey M. Vascura

**JOHN JANE DOE PCI,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

      October 27, 2020, Plaintiff, Robert Martin, a state prisoner proceeding without the assistance of counsel, filed this action in the Southern District of Ohio, asserting claims against prison officials at Pickaway Correctional Institution ("PCI") and Madison Correctional Institution, as well as a physician who practices at the Ohio State University Medical Center. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED** and that Plaintiff be ordered to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days and that Plaintiff be advised that failure to timely pay the full $402 fee will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has more than three such dismissals, namely: *Martin v. Ohio Supreme Court*, 2:04-cv-613; *Martin v. Warden Welch, Dep't of Corr. & Rehab.*, 2:10-cv-736; *Martin v. Mohr*, 1:12-cv-281; and *Martin v. Brantell*, 2:16-cv-499.

In view of Plaintiff's multiple "strikes," he is deemed a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

2

The undersigned is unable to discern any facts from Plaintiff's Complaint that establish that he meets the statutory exception set forth in § 1915(g).  As best as the undersigned can discern, Plaintiff seeks to advance two categories of claims.  First, Plaintiff alleges that filing fees are wrongfully being deducted from prison trust account, which reflects a taking of private property without due process.  Second, Plaintiff details his medical history and relies upon his own reading of the Physician's Desk Reference to conclude that the medication a PCI physician prescribed was dangerous.  Plaintiff alleges that he refused to take the medication and was later informed by a doctor that if he had taken the medication he "would have been dead."  (Compl., ECF No. 1-1 at PAGEID #: 9.)  Neither the alleged incorrect monetary deductions from his prison trust account nor Plaintiff's disagreement over the medications a PCI doctor previously prescribed demonstrate that he is "under imminent danger of physical injury" as contemplated under § 1915(g).[1]

Because Plaintiff has failed to satisfy the exception set forth in § 1915(g), the undersigned makes the following **RECOMMENDATIONS**:

1. Plaintiff be **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action.

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

---

[1] Though the Court need not opine on the merits of Plaintiff's claims at this juncture, the undersigned notes that Plaintiff's disagreement over the medications he has been prescribed is insufficient to state a cognizable Eighth Amendment medical indifference claim.  *See, e.g.*, *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE