# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROBERT MARTIN,

    **Plaintiff,**

v.

Case No. 2:20-cv-5599
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

JOHN JANE DOE PCI, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on December 10, 2020 recommending that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. (ECF No. 4.) Plaintiff timely objected to the Report and Recommendation. (ECF No. 6.) After the Report and Recommendation issued, Plaintiff filed an "Emergency Motion to Correct One Doctor for 3000 Inmates." (ECF No. 5.) Contemporaneously with Plaintiff's objections, Plaintiff also filed an Amended Complaint. (ECF No. 7.) While Plaintiff's objections were pending, Plaintiff filed two Motions to Amend his Amended Complaint. (ECF Nos. 8–9.) For the following reasons, the Court **OVERRULES** Plaintiffs objections, **ADOPTS** the Report and Recommendation, and **DENIES** Plaintiff's Motion for Leave to Proceed in forma pauperis. (ECF No 1.) The Magistrate Judge will consider the remaining motions if Plaintiff pays the full $402 fee required to commence this action within 30 days.

**I.**

On October 27, 2020, Plaintiff Robert Martin, a state prisoner proceeding without the assistance of counsel, filed this action asserting claims against prison officials at Pickaway

Correctional Institution ("PCI") and Madison Correctional Institution, as well as a physician who practices at the Ohio State University Medical Center. (ECF No. 1.) Plaintiff sought leave to proceed *in forma pauperis*. (*Id.*)

The Magistrate Judge recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied because Plaintiff is a "three striker" under Section 804(d) of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not proceed *in forma pauperis* if that prisoner has brought 3 or more actions or appeals in federal court that were dismissed on grounds that "it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* The Magistrate Judge recommended that Plaintiff be ordered to pay the full filing fee because Plaintiff is a three striker and because there are no facts in the Complaint establishing that he meets the statutory exception set forth in § 1915(g). (ECF No. 4.)

### A. Objections to the Report and Recommendation

Plaintiff objects to the Report and Recommendation. (ECF No. 6.) Plaintiff argues that the Magistrate Judge did not understand his argument to proceed without costs, that the Magistrate Judge lacks jurisdiction, that the clerk of courts erred in not returning copies of the pleadings, and that he is entitled to a due process hearing. (*Id.*) None of Plaintiff's objections have merit. The objections do not challenge the Magistrate Judge's conclusion that the Complaint fails to establish that he is under the imminent danger exception in § 1915(g). Thus, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation. (ECF No. 4.)

### B. Other Pending Motions

After the Report and Recommendation issued, Plaintiff filed an "Emergency Motion to Correct One Doctor for 3000 Inmates." (ECF No. 5.) Plaintiff also filed an Amended Complaint

(ECF No. 7) and has since filed two Motions to Amend the Amended Complaint (ECF Nos. 8–9.)

1. **Amended Complaint and Motions to Amend**

Starting with Plaintiff's Amended Complaint, the Amended Complaint appears to be a supplemental complaint under Fed. R. Civ. P 15(d) because it contains allegations that occurred after the date Plaintiff filed the original complaint and motion for leave to proceed in forma pauperis. (*See* ECF No. 7.) Ordinarily, a party may only file a supplemental complaint with leave of court, which Plaintiff did not obtain. Fed R. Civ. P. 15(d). Nonetheless, the Court will proceed to consider whether the Amended Complaint brings Plaintiff within the statutory exception necessary to permit Plaintiff to proceed *in forma pauperis*.

As the Magistrate Judge explained, Plaintiff is a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." The "imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citation omitted). To satisfy this standard, the complaint must allege facts from which a court, informed by its judicial experience and common sense,"—and construed liberally in the case of a *pro se* Plaintiff—"could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

Plaintiff's Amended Complaint, like the original Complaint, does not establish that he was under "imminent danger of serious physical injury" at the time of filing. The Amended Complaint asserts allegations that Plaintiff is housed in a unit containing "wood dust" that could cause lung problems. (ECF No. 7 ¶¶ 2–3.) It also alleges that the poor quality of food Plaintiff is served

3

causes diarrhea. (*Id.* ¶ 4.) These allegations are insufficient to show that Plaintiff was under threat of a "real and proximate . . . danger of serious physical injury" when he filed the Amended Complaint. *Vandiver*, 727 F.3d at 585. Thus, the Court will not permit Plaintiff to proceed *in forma pauperis* on the basis of the Amended Complaint.

That leaves Plaintiff's "Emergency Motion" and Motions to Amend the Amended Complaint, which were filed after the Magistrate Judge's Report and Recommendation. (ECF Nos. 5, 8–9.) Because the Court adopts the Magistrate Judge's Report and Recommendation and denies Plaintiff's motion for leave to proceed *in forma pauperis*, Plaintiff will be ordered to pay the full filing fee. If Plaintiff fails to pay the full filing fee, the Court will dismiss this action and deny the "Emergency Motion" and Motions to Amend as moot. If Plaintiff pays the full filing fee, the Magistrate Judge will proceed to consider the merits of Plaintiff's Complaint, Amended Complaint, Emergency Motion, and Motions to Amend.

## II.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 6) and **ADOPTS** the Report and Recommendation (ECF No. 4). The Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) Plaintiff is **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**. Failure to timely pay the full $402 fee within thirty days will result in dismissal of this action. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

**5/24/2021**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                                    **UNITED STATES DISTRICT JUDGE**